January 25.
JUDGE GREEN.
The verdict in this case is clearly insufficient, in respect to the plea of fully administered. The verdict upon that plea should ascertain the amount of assets-in the hands of the Defendant, at the commencement of the suit, and at the time of the plea pleaded, to enable the Court to pronounce the proper Judgment. If, at. the institution of the suit, there be outstanding debts of superior dignity, or unsatisfied Judgments, the Defendant must plead them specially, or he cannot avail himself of them upon the general plea of plene administravit, unless he has actually paid them before pleading; in which case, those payments would be embraced in the terras of the plea and issue. So, if assets came to the Defendant’s hands, after the commencement of the suit, and. before pleading, he would be chargeable in respect to them, in that suit: for, the plea, must allege that there were no assets in the hands of the Defendant to be administered, either at the time of the commencement of the action, or at any time since; and the Judgment when assets refers to the time of the plea pleaded; so that, as to the assets received after that time,no inquiry can be made in that suit: and upon a Scire Facias upon a Judgment when assets, such assets can be subjected, although received pending the former suit after pleading ; and payments made after the same time, to debts of equal *or superior dignity to the Plaintiff’s Judgment, would be available as a defence to the Scire Facias. The verdict ought, therefore, to find, not only the amount of assets in the hands of the Defendants at the. commencement of the suit, or that they were sufficient to pay the Plaintiff’s demand; but, also the amount in his hands at the time of pleading, or that they were sufficient to pay the Plaintiff’s demand ; since the Defendant might have received or duly disbursed assets, or both received and disbursed, between the commencement of the action and the time of pleading. If the Defendant is found to have in his hands, assets not sufficient to pay the Plaintiff’s demand, at the time of pleading, the Judgment would be for so much of the debt as the amount of assets in hand, de bonis testatoris; and for the residue of the debt, out of the assets of the testator, which came to the Defendant’s hands since the plea pleaded, or might thereafter come to* his hands. And as to the costs, they would depeud upon the fact, as it appeared upon' the record, whether the Defendant was in default or not. 2 Chitt. PI. 451; 1 Saund. 336. a., note 10; Booth’s ex’r v. Armstrong, 2 Wash. 301; Rogers’ Adm’r v. Chandler’s adm’x, 3 Munf. 65.
The verdict in this case finds, that assets sufficient to pay the Plaintiff’s demand “hath come” to the Defendant’s hands, without saying when. It might have been between the institution of the suit, and the filing of the plea; in which case, it might affect the question of costs, in. some cases, if not in thss: or after the plea pleaded, in which case, they could not have *631 been subjected in this suit, and would have been entirely out of the issue. Nor does this part of the finding negative the allegation, that the Defendant had fully administered the assets which came to his hands; but, the verdict proceeds further to find, that the Defendant hath not fully administered, without ascertaining how much remained unadministered, at the time of the plea pleaded. If a Judgment de bonis tes-tatoris were entered on this verdict, such a Judgment would not, *it is true, bind the Defendant in respect to the quantum of assets, for which he was responsible, in a subsequent action suggesting a devastavit; but, would leave the question entirely open, as if the issue on that point had not been joined in this cause. But, the Defendant had a right to have that question tried, and finally decided in this suit; a right, of which the Court cannot deprive him.
For these reasons, the Judgment must be reversed in toto, the verdict set aside, and a venire de novo awarded. There is no example of a verdict being set aside as to one issue, and suffered to stand as to others, and trying a cause by piecemeal.
The Court purposely avoids deciding the point raised by the Bill of Exceptions; that question being of great importance, and the Court not being full, and it may not occur upon the now trial, or may be presented in another or more distinct form.
The other Judges concurred, and the Judgment was reversed in toto, the verdict set aside, and a venire.de novo awarded.*

The President and Judge Coadtek, absent.